McEwan, Gearinger, Banks & Hutcheson, Trustees.

*v.*

Lookout Mountain Hotel, Inc.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

198

GEARINGER, BANKS & HUTCHESON, Chattanooga, for plaintiff in error.

CAMPBELL & CAMPBELL, Chattanooga, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The action was originally commenced by attachment issued on the 31st of August, 1959, in the General Sessions Court for the purpose of attaching certain funds on deposit to the credit of the defendant in error, Lookout Mountain Hotel, Inc., on the theory that the defendant in error was a non-resident corporation while the plaintiffs were residents of Tennessee.

The attachment was issued by the General Sessions Court, and was apparently on a printed form and an affidavit to the attachment made before the clerk of the General Sessions Court, and it said: "That Lookout Mountain Hotel, Inc., is indebted to McEwan, Gearinger, Banks & Hutcheson, Trustees, in the sum of $1,300.00 by * * *".

Then follows the various grounds upon which an attachment may issue as set forth in Section 23-601, T.C.A. The affidavits to this attachment is sworn to by James L. Banks, then follows the bond in double the amount sued for, as conditioned by statute, which says that the principal and the surety, not naming them, are bound to the defendant in error, and this bond is signed Southern Broadcasters, Inc., Prin. By: James L. Banks, Trustee. Then follows the summons to an officer of Hamilton County and the command to this officer to attach the money of the defendant in error, if any, and there is a return on this garnishment which shows that they found no property and then they served the garnishment on the bank. There is no judgment as far as the record shows by the Sessions Court, though the word, "judgment" is written and says from which judgment the plaintiff prayed an appeal to the Circuit Court. There follows in the record a plea in abatement by the defendant in error, in which it is said the defendant in error "for plea in abatement

to plaintiff's attachment and summons says that it is a corporation which is non resident of the State of Tennessee. Southern Broadcasters, Inc., is also non resident of the State of Tennessee. Both are Georgia Corporations. This action was, therefore, begun by attachment in violation of Tennessee Code Annotated, Section 23-609. * * *'' Then follows an additional plea in abatement on grounds not herein necessary to notice. Then after this plea was sworn to, and a copy of it was furnished opposing counsel, there appears the appeal bond from the General Sessions Court, wherein plaintiff in error signed as Trustees, as principals, and Southern Broadcasters, as Surety, made a bond to the Circuit Court for an appeal from the judgment which does not appear herein, but it is obvious from this appeal bond that the Sessions Court sustained this plea in abatement and dismissed the suit.

After this there appears to have been filed on October 14, 1959, a motion in the Circuit Court by the defendant in error here for that court to act on its plea in abatement, and following this motion on October 22, 1959, the plaintiffs in error demurred to the plea in abatement, as above quoted, first ''on the ground that the plea in abatement patently shows that the plaintiff is a partnership of attorneys in Tennessee and that when the defendant, in Count I of its plea in abatement recites that the plaintiff is a Georgia corporation it is clearly in error, hence the plea in abatement falls since it is directed toward a party as plaintiff, which is not here involved.'' Then there are set forth further reasons of why the second part of the plea in abatement isn't correct. A copy of this was furnished opposing counsel. On November 9, 1959, the plaintiffs in error moved the court to be al-

lowed to correct what was called "a patent clerical mistake" and then set forth wherein the mistake was made. In other words, this motion to correct the mistake is attempting to show that the clerk in the office of apparently the plaintiffs in error made a mistake in copying at the end of the bond for an attachment as principals the Southern Broadcasters, Inc., and the principals should have been as set out in the foregoing part of the affidavit for attachment, that these plaintiffs in error were the principals and that someone else was surety. After this motion was made on November 19th, or ten days after the motion was filed, the Circuit Judge entered an order in which it is said that this motion to correct a clerical error is really a motion to rehear and that the court had heard argument on it and then it was that the court overruled the various motions made, called in the order to rehear or correct a clerical mistake, and sustained the plea in abatement and dismissed the attachment. From this order the plaintiffs in error were allowed to appeal, which they have done.

There is likewise attached to the transcript a memorandum opinion of the trial judge as to why the action above was taken by him. It is very obvious by reading this opinion that the trial judge was in reality basing his action on the proposition that under the pleadings as shown, and arguments made before him, that he was of the opinion that this action was in reality between two Georgia corporations, and that the plaintiffs in error, as Trustees or assignees or whatever they were, were merely acting as a sham so that an attachment could be issued under subsection 1 of Section 23-601, T.C.A., that is the Section where the attaching creditor is a resident of this State and the debtor is a non-resident.

In reaching this conclusion a factual situation must appear to the trial judge which does not appear by the record that is before us. It is true that the negligent way in which these pleadings were drawn up and signed and the lack of care in preparing this lawsuit could lead one to believe this fact, but in doing so one has to assume a certain state of facts which is contrary to what is shown by the record in the petition to correct a clerical error. If these errors are corrected and it is shown that these plaintiffs in error are the assignees of this account, then on its face you would not have two foreign corporations, but you would have the plaintiffs in error as Tennessee residents suing a Georgia corporation. When this does appear, as it is alleged here, that these are the true facts of the situation then the demurrer should be overruled. But if it appears in the hearing that this assignment to the Tennessee people, who are the plaintiffs in error here, was a mere sham and was not for value but was for the mere purpose of issuing the attachment as they did, then clearly the trial judge would be correct in his conclusion and in dismissing the attachment suit.

All these mistakes were more or less brought about by lack of giving the matter proper attention in the first instance and by not making proper averments as to the plaintiffs in error being assignees for value. They signed themselves throughout these pleadings as Trustees. Of course, a Trustee, in the ordinarily accepted sense here used, is one to whom another's property is legally committed in trust. Without averring that the plaintiffs in error were the assignees for value of this account, there is the assumption in view of the other signature of the Southern Broadcasters, Inc., that they were merely acting as Trustees for them, and under such assumption

clearly the trial judge acted correctly. The plea in abatement makes the flat statement that the defendant in error is a non-resident corporation and it is shown by the affidavit for attachment that the plaintiff in error is the Southern Broadcasters, Inc., and that they are likewise a non-resident corporation. The demurrer to this plea in abatement is ill-advised and it is worded in such a way that it is saying that the affidavit for attachment doesn't say that the Southern Broadcasters, Inc., are the plaintiffs in error; in other words, that the plea in abatement doesn't speak the truth. Of course, a demurrer to a plea in abatement admits all the facts that are properly averred as well as reasonable inferences to be drawn from such facts. Conclusions of the pleader are not admitted.

When we come to consider the motion to correct the errors in this record, if this motion is sustained (this motion was, according to this transcript, filed after the plea in abatement was filed and before the court acted on it) then this inference of two foreign corporations is not shown from the affidavit for attachment or the papers to which the plea in abatement is filed. A Trustee is one to whom property is submitted in trust, whether for some specific use or for the benefit of the general creditors, and a Trustee is also an assignee when the property held in trust by him has been assigned to him. Thus it is, under this motion for a correction it would appear that this Trustee is a Trustee for himself, because he files a copy of the assignment of the matter to him.

██ Section 23-624, T.C.A., which is in the same Chapter as that upon which the attachment was based, to-wit, Section 23-601, is a Section for the correction of defects in an attachment. This Section provides that the attachment law shall be liberally construed and that

the plaintiff in an attachment either before or during trial "shall be permitted to amend any defect of form in the affidavit, bond, attachment, or other proceedings; and no attachment shall be dismissed for any defect in, or want of, bond, if the plaintiff, his agent, or attorney will substitute a sufficient bond." This Section clearly shows that the Legislature of this State made it the public policy of the State that attachments of non-residents of this State have been liberalized to such an extent that they don't want non-residents to get away on a mere technicality or technical defect. A very succinct and well stated position in reference to the amendment as provided by this statute is set forth in Gibson's Suits in Chancery, 4th Ed., at Section 878. A note on the amendments to attachments or garnishment bonds of rather universal coverage is found in the recent volume of American Law Reports, Annotated, 47 A.L.R.2d, beginning at page 971. See likewise a note on this question in Caruthers History of a Lawsuit, Gilreath, 7th Ed., Section 63. Both of these notes from our Tennessee lawbooks, as well as the A.L.R. annotation, cite many Tennessee cases, and set forth reasons why there should be liberality in its construction so that a plaintiff most any time in an attachment bill may amend it to correct any defect in the form. Clearly this question to amend or correct here is correcting a defect in placing the name of the wrong person at the wrong place and in not being specific yet setting forth a ground for attachment if the first part of the affidavit is correct, and if this correction is made, as said above, it would not be demurrable for the reasons set out in the present demurrer. Under Section 23-609, T.C.A., if they were both foreign corporations, an attachment would not lie.

After reading this transcript four times, briefs and the authorities, we are convinced under the transcript as sent to us that the amendment should be made in the proceedings to show the true facts and then when this is done, additional pleadings may be filed, if deemed necessary by the defendant in error. If it appears that this assignment is a sham, a fraud or merely done for the purpose of trying to get a Tennessee creditor in place of a non-resident creditor, then, of course, the action should be dismissed. We are doing this for the simple reason that the cause should be tried on its merits and the correction of the errors, mistakes and negligence of those preparing this pleading, when the true facts are made to appear prior to the time it is finally disposed of below, should have been allowed and the parties to try the case on the true facts of the situation, rather than on some mere technical error. This was the purpose of Section 23-624, T.C.A. Since this whole comedy of errors has been brought about by the plaintiff in error in the first instance in not giving the matter proper attention to see that the attachment was correct in the first instance, we tax all costs of this appeal to plaintiffs in error and their sureties on their original bond in filing this lawsuit. The costs below in finality will await the final determination of the matter there.